Electronically FILED by Superior Court of California, County of Los Angeles on 07/17/2020 02:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
20STCV27004

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Thomas Long

1  Robert R. Shiri  (SBN 150892)
   Law Offices of ROBERT R. SHIRI, APC
2  2001 Wilshire Blvd., Suite 515
   Santa Monica, CA 90403
3  (310)829-9943   (310)899-9844Fax

4
   Attorney for Plaintiff,
5  KELLY C. KOEWLER

6

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                   FOR THE COUNTY OF LOS ANGELES

9

10 KELLY C. KOEWLER,                    CASE NUMBER: 20STCV27004

11             Plaintiff,               COMPLAINT FOR DAMAGES FOR :

12 vs.                                  1.   NEGLIGENCE; and
                                        2.   BATTERY
13 NATURA BISSE INTERNATIONAL, INC;
   NEIMAN MARCUS GROUP, INC, and DOES
14 1 through 50, Inclusive,

15             Defendants.

16

17

18

19    Plaintiff, KELLY C. KOEWLER, ("Plaintiff") hereby files the following Complaint.

20

21                       PARTIES and JURISDICTION

22 1.   Plaintiff, KELLY C. KOEWLER is and at all times mentioned herein was a, resident

23      of the County of Los Angeles, State of California. Plaintiff was a resident at the time

24      of subject incident.

25 2.   The incident alleged herein which is the subject matter of this complaint and lawsuit

26      occurred on July,19, 2018 at Defendant NEIMAN MARCUS GROUP, INC large retail store

27      located in Beverly Hills, CA.

28
                                        1

                              COMPLAINT FOR DAMAGES

3. Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, Defendant NATURA BISSE INTERNATIONAL, INC hereinafter collectively called "NATURA" and Does 1 through 50, inclusive, are, and at all times were, the owners, operators, managers, agents, officers, directors, shareholders, partners and/or joint venturers of and in that and provided a facial to Plaintiff a paying consumer. The employee of Defendants assured Plaintiff that the facial will not effect any alleges Plaintiff may have. As the facial cream was applied and rubbed into Plaintiff face, she developed redness and scarring with are permanent and remain to date.

4. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise and, therefore, sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some actionable manner for the events and occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

6. Plaintiff is informed and believes and, based thereon, alleges that, at all times mentioned herein, Defendants, and each of them were the agents, principals, partners, associates, joint venturers, employees and/or co-conspirators of each of the remaining co-Defendants; that the Defendants, and each of them, were at all times acting within the course, purpose and scope of said agency, partnership, association, joint venture employment and/or conspiracy and that Defendants, and each of them, were acting with the full knowledge, agreement, authorization, ratification, either express or implied, permission and/or consent of the remaining co-Defendants and are, therefore, liable, vicariously and/or otherwise, jointly and severally, for the damages and injury they caused Plaintiff.

## FIRST CAUSE OF ACTION FOR NEGLIGENCE

(AGAINST ALL DEFENDANTS; and DOES 1 through 50, Inclusive.)

7. On July 19, 2018 Plaintiff, was lawfully patron at Defendant's NEIMAN MARCUS GROUP, INC. large department store on Wilshire Blvd. in Beverly Hills, CA.

8. On July 19, 2018, an employee of Defendants request Plaintiff have a facial, the employee of Defendants assured Plaintiff that the facial will not effect any alleges Plaintiff may have. As the facial cream was applied and rubbed into Plaintiff face, she developed redness and scarring with are permanent and remain to date.

9. Plaintiff contends that Defendants, their employees, agents, assigns and Does 1 through 50, and each of them, were negligent in the ownership, possession, control, use, maintenance, operation, supervision, and safety so as to legally and proximately cause the injuries sustained by the Plaintiff.

10. Plaintiff also contends that Defendants are all vicariously liable for the negligent conduct of its employees, agents and/or assigns while they were acting in the course and scope of their employment. Here the Defendants failed to take reasonable precautions to protect patrons safety.

11. Plaintiff contends that Defendants failed to act in a reasonable manner by failing to provide proper training to its' employees including taking reasonable measures to protect patrons for these foreseeable injures.

## SECOND CAUSE OF ACTION FOR BATTERY

(Against all Defendants)

12. Plaintiff repeats and realleges herein Paragraphs 1 through 11, inclusive, of this Complaint as through fully set forth herein.

13. On July 19, 2018 Plaintiff, was lawfully patron at Defendant's NEIMAN MARCUS GROUP, INC. large department store on Wilshire Blvd. in Beverly Hills, CA.

3

14. On July 19, 2018, an employee of Defendants request Plaintiff have a facial, the employee of Defendants assured Plaintiff that the facial will not effect any alleges Plaintiff may have. As the facial cream was applied and rubbed into Plaintiff face, she developed redness and scarring with are permanent and remain to date. Plaintiff alleges that Defendants, intentionally and wilfully placed facial cream onto Plaintiff seriously injuring her and necessitating substantial medical treatment and care, plus related damages.

15. As Plaintiff warned Defendants that her skin was sensitive and she suffered from prior alleges, the Defendants confirmed that the facial would not have a reaction, we in fact it did, entitles Plaintiff to an award of punitive or exemplary damages under California Civil Code section 3294.

16. As a direct, proximate and legal result of the negligence of Defendants, and DOES 1 through 50, and each of them, Plaintiff was hurt and injured to her health, strength, and activity, sustaining injury to his body structure and nervous system, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical, emotional pain and suffering. Plaintiff is informed and believes and based thereon alleges that these injuries will result in a permanent disability. As a result of these injuries, Plaintiff has suffered general damages in an amount within the jurisdiction of the Superior Court.

17. As a further direct, proximate, and legal cause of the negligence of Defendants, DOES 1 through 50, and each of them, Plaintiff has incurred, and will continue to incur, medical and related expenses. Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future, in an amount set according to proof.

///
///
///
///
///
///

WHEREFORE, Plaintiffs prays for judgment against the Defendants, and each of them, as follows:

1. General damages in an amount which will conform to proof at the time of trial
2. For special damages for medical expenses according to proof;
3. For compensatory damages in an amount to be proven at trial, but not less than $100,000.00;
4. Punitive damages at to Defendants;
5. For costs of suit incurred herein;
6. For prejudgment interest as provided by law; and
7. For such other and further relief as the Court may deem just and proper.

DATED: July 17, 2020

Law Offices of ROBERT R. SHIRI, APC

By: _____
ROBERT R. SHIRI,
Attorney for Plaintiff,
KELLY C. KOEWLER

5

COMPLAINT FOR DAMAGES