UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-04027-JLS-SK                                              Date: January 05, 2023
Title: Kelly C. Koewler v. Natura Bisse International, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                        Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 20) AND ORDERING PLAINTIFF TO FILE NOTICE OF INTERESTED PARTIES**

Before the Court is a Motion to Remand brought by Plaintiff Kelly C. Koewler. (Mot., Doc 20.)  Defendant Natura Bisse International, Inc. ("Natura Bisse") opposed. (Opp., Doc. 24.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for January 13, 2023 at 10:30 a.m. is VACATED.  For the reasons given below, the Court DENIES Plaintiff's Motion.

**I.     BACKGROUND**

Plaintiff Koewler is a resident of California.  (Compl., Doc. 1-1 ¶ 1.)  The claims in her Complaint stem from an incident which took place on July 19, 2018 at a store operated by Defendant Neiman Marcus Group, Inc. ("Neiman Marcus").[1]  (*Id.* ¶ 2.)  Koewler alleges that Defendant Natura Bisse provided her a facial in the store.  (*Id.* ¶ 3.)  She alleges that an employee assured her that the facial cream would not affect any allergies she had.  (*Id.*)  However, as the facial cream was applied, Koewler developed permanent redness and scarring.  (*Id.*)  Koewler brought claims for negligence and

---

[1] In her Motion, Koewler states that she has settled with Neiman Marcus for $6,000; however, she has not filed a stipulation to dismiss and Neiman Marcus has not yet been dismissed from the case.  (Mot. at 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-04027-JLS-SK                                    Date: January 05, 2023
Title: Kelly C. Koewler v. Natura Bisse International, Inc. et al

battery against Natura Bisse, Neiman Marcus, and fifty fictitiously named defendants, Does 1-50, in Los Angeles County Superior Court on July 17, 2020. On June 13, 2022, with the consent of Neiman Marcus, Natura Bisse removed the action to this Court. (Notice of Removal, Doc. 1; Neiman Marcus Consent to Removal, Doc. 1-2.) Koewler now moves to remand the action to state court and moves for attorney fees of $2,950.00.

## II.     LEGAL STANDARD

As the party invoking the removal jurisdiction of this Court, Defendants bear "the burden of establishing federal jurisdiction." *California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332. Under the removal procedures provided by 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). However, "[w]e strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.    DISCUSSION

Koewler argues that this Court lacks subject matter jurisdiction over the case because the amount in controversy is not met and she has alleged claims against identifiable Doe defendants which destroy complete diversity of citizenship. (Mot. at 5.) Koewler seeks compensation of $2,950.00, alleging that "Natura Bisse removed the action in the face of obvious evidence that it could not establish subject matter jurisdiction." (*Id.* at 12.)

### A.    Amount in Controversy

"If the complaint filed in state court alleges damages in excess of the required federal jurisdictional amount, remand is warranted only if it appears to a 'legal certainty'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-04027-JLS-SK                                                              Date: January 05, 2023
Title: Kelly C. Koewler v. Natura Bisse International, Inc. et al

that the claim is actually for less than the jurisdictional minimum." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 n.8 (9th Cir. 2006). Here, Koewler's Complaint alleges compensatory damages "not less than $100,000.00," as well as unspecified general damages, special damages for medical expenses, and punitive damages. (Compl. at 5.)  She argues that she has filed a notice of errata to the Complaint in Los Angeles Superior Court that the demand be altered to read that compensatory damages will be no greater than $75,000. (Mot. at 8.) However, this notice of errata was filed in state court on September 22, 2022, months after the case was removed to this Court. (*See* Doc. 20 at 21-22); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("When we say that the amount in controversy is assessed at the time of removal, we mean that we consider damages that are claimed at the time the case is removed by the defendant."). "[P]ost-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). Similarly, Koewler's evidence that she proposed a stipulation (to which Defendants apparently did not agree) to a global damages demand of $50,000 and remand to state court after Defendants removed the case does not alter the analysis. (*See* Doc. 20 at 17.) Koewler has offered no indication that it is a "legal certainty" that damages will be $75,000 or less in order to defeat the presumption that the amount in controversy is met. This requirement is therefore satisfied.

### B. Complete Diversity

Koewler argues that there is not complete diversity of the parties because she has named fictitious Doe defendants in the Complaint who are described with specificity and who are presumably California residents. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441; *see also Rojas ex rel. Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1022-23 (S.D. Cal. 2021) (collecting cases). The Court will therefore disregard the fictitious Doe defendants. *See Villafuerte v. Specialized Loan Servicing, LLC*, No. 14-124, 2014 WL 12584384, *2 (C.D. Cal. Apr. 9, 2014). Koewler is a California resident.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-04027-JLS-SK                                                                    Date: January 05, 2023
Title: Kelly C. Koewler v. Natura Bisse International, Inc. et al

(Compl. ¶ 1). In the Notice of Removal, Defendants state that both Natura Bisse and Neiman Marcus are incorporated and have their principal place of business in Texas, and Koewler has not contested this assertion. (Notice of Removal at 2-3); *see also 3123 SMB LLC v. Horn*, 880 F.3d 461, 462-63 (9th Cir. 2018) ("For purposes of determining diversity jurisdiction, 'a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business'" (quoting 28 U.S.C. § 1332(c)(1)) (alteration in original)). There is thus complete diversity of citizenship in this action.

### C. Attorney Fees

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Because the Court finds that removal was proper, Koewler's request for fees is DENIED.

Natura Bisse argues that Koewler should be ordered to pay its reasonable fees and costs because her Motion "ignores her own Complaint, controlling law, and this Court's Orders without excuse, justification, or support of any kind." (Opp. at 8.) Natura Bisse further argues that the Motion should be stricken because Koewler has not yet filed a notice of interested parties in accordance with Local Rule 7.1-1 and the Court's Orders of September 30, 2022 and October 2, 2022 (*see* Docs. 21, 23). (Opp. at 8-9.) The Court will not order sanctions at this time; however, Plaintiff is cautioned that future filings that do not comply with Federal Rule of Civil Procedure 11(b), or failure to follow the Court's orders, may make her subject to sanctions.

### IV. CONCLUSION

For the foregoing reasons, removal was proper and Koewler's Motion is DENIED. Koewler is ORDERED to file a Notice of Interested Parties within **five days** of the issuance of this Order. Failure to timely do so will result in sanctions.

Initials of Deputy Clerk: vrv